UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CESAR PARIENTE and FRANCISCO PEREZ,

    Plaintiffs,

v().  Case No: 6:14-cv-615-Orl-37TBS

CLC RESORTS AND DEVELOPMENTS, INC., CLC FRACTIONAL, LLC and ISAIC CLAUDIO,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiffs and Defendants' Joint Motion for Approval of Settlement Agreement (Doc. 31) and Amended Joint Motion for Approval of Settlement Agreement (Doc. 34). The parties request the Court's approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims. Upon due consideration, I respectfully recommend that the amended motion be **GRANTED** and the parties' revised settlement agreement (Doc. 34-1) be approved as modified herein.

### I. Background

Plaintiff Cesar Pariente brought this suit against Defendants CLC Resorts and Developments, Inc., CLC Fractional, LLC, and Isaic Claudio alleging that Defendants violated the FLSA by failing to pay him at one-and-a-half times his regular hourly wage for the overtime hours he worked. (Doc. 1). Four days later, Francisco Perez consented to join the lawsuit as an additional Plaintiff. (Doc. 5). Defendants answered, denied liability, and asserted multiple affirmative defenses. (Docs. 17, 18). In their responses

to the Court's standard FLSA interrogatories Pariente said he was underpaid $3,026.77, and Perez said he was underpaid $839.25. (Docs. 27-28). Both Plaintiffs said they had incurred attorney fees and costs totaling $14,863.91. (Id.).

The parties negotiated a settlement and on September 16, 2014 they motioned the Court for approval their settlement agreement. (Doc. 31). Under the terms of the agreement, Pariente would receive $3,000 in back pay, $2,900 in liquidated damages, and $100 for a general release; Perez would receive $750 in back pay, $650 in liquidated damages, and $100 for a general release; and Plaintiffs' attorneys would receive $9,000 in fees and costs. (Doc. 31-1, ¶ 1). Certain provisions in the agreement caused me concern and I held a hearing to discuss them with counsel. (Doc. 33). First, I informed counsel that it appeared to me that the parties had agreed on $6,000 for Pariente and $1,500 to Perez, divided equally between back pay and liquidated damages, and then later in their negotiations, they agreed to shave $100 off each Plaintiff's liquidated damages to create the appearance of consideration for general releases. I also expressed concerns about provisions requiring the parties to keep the settlement confidential; obligating Plaintiffs to notify Defendants if served with a subpoena demanding information about the settlement (Doc. 31-1, ¶ 7); and forbidding Plaintiffs from disparaging Defendants but not forbidding Defendants from disparaging Plaintiffs (Id., ¶ 8).

On October 14, 2014, the parties filed their Amended Joint Motion for Approval of Revised Settlement Agreement together with a copy of their revised settlement agreement. (Docs. 34, 34-1). Under the terms of the revised settlement agreement, Pariente will receive $3,000 in back pay, $3,000 in liquidated damages, and $100 in separate consideration for a general release; Perez will receive $750 in back pay, $750 in

liquidated damages, and $100 in separate consideration for a general release; and Plaintiffs' attorney will receive $9,000 in fees and costs. (Doc. 34-1, ¶ 1). The revised agreement includes mutual general releases, a non-disclosure provision, and a mutual non-disparagement provision that expressly provides that Defendants will provide Plaintiffs with a neutral job reference. (Id., ¶¶ 4, 7, 8). It also contains a severability clause. (Id., ¶ 11).

## II. Discussion

### A. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227

(M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Here, the parties are represented by experienced labor counsel who have been litigating this dispute since April 18, 2014. (Docs. 1, 17, 18). The parties and their counsel represent to the Court that this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims, and that there is no fraud or collusion in the settlement. (Doc. 34 at 7). Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement. The pleadings apprise the Court of the claims and defenses asserted but there are other factors about which the Court has no knowledge which may have influenced the parties to negotiate and compromise this dispute. For example, the Court does not know what has been learned in discovery, or if the parties have legitimate, unrelated financial concerns which have motivated them to settle this litigation. With this in mind, upon independent review, I find no evidence suggesting the settlement is unreasonable or that there has been any fraud or collusion.

### B. Settlement Sum

Under the revised settlement agreement, Pariente will receive $3,000 in wages

- 4 -

and the same amount in liquidated damages, which represents 99% of what he demanded in his answers to the Court's interrogatories. (Doc. 27; Doc. 34-1, ¶ 1). Perez will receive $750 in wages and the same amount in liquidated damages, which represents 89% of what he demanded in his answers to the Court's interrogatories. (Doc. 28; Doc. 34-1, ¶ 1). Thus, Plaintiffs will receive almost all of the damages they sought, and there is nothing in the record to suggest that the amounts of their compromises are unreasonable. Therefore, I find that the damages, including liquidated damages, to be paid to Plaintiffs represent fair and reasonable compromises of their FLSA claims.

### C. Attorney Fees

In FLSA lawsuits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that they are adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery. Silva v. Miller, 307 F. App'x. 349, 351 (11th Cir. 2009). "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents." Perez v. Nationwide Prot. Serv., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005). The parties agree that the $9,000 in fees and costs to be paid is reasonable and was negotiated separately from Plaintiffs' recoveries, without regard to the amount of the settlement sums. (Doc. 34, p. 3). This

is sufficient to establish the reasonableness of the fees and that Plaintiffs' recoveries were not adversely affected by the amount of fees paid to their counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).   Counsel for Plaintiffs have also filed their itemized invoices detailing 79.1 hours of attorney time and 10.9 hours of paralegal time expended on the file for a total of $21,800 in professional fees plus $1,004.91 in costs and other disbursements.   (Doc. 34-3).   Thus, counsel for Plaintiffs have substantially compromised their fees and expenses in the case.   On this record, I find the attorneys' fees and costs agreed to be paid to counsel for Plaintiff to be fair and reasonable.

### D. General Releases

General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee," and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."   Moreno, 729 F. Supp. 2d at 1351-52.   Consequently, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."   Id. at 1352. "However, if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible."   Weldon v. Backwoods Steakhouse, Inc., No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014).   The court will allow a general release in exchange for separate consideration where the amount designated as separate consideration is "wholly unrelated to the value of the [Plaintiffs'] FLSA claims."   Id.   Under this standard, I could not recommend approval of the parties' prior agreement because it appeared that the "separate consideration" was really money deducted from already-agreed-upon liquidated damages

payments.[1]   The revised agreement rectifies this problem by restoring parity to the back wage and liquidated damages totals and making the $100 paid for each general release a separate and additional sum.[2]

### D. Confidentiality

Nondisclosure provisions in FLSA settlement agreements "further[] resolution of no bona fide dispute between the parties" while "thwart[ing] Congress's intent to ensure widespread compliance with" the FLSA.   Dees, 706 F. Supp. 2d at 1242.   As such, courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions.   Housen v. Econosweep & Maintenance Serv., Inc., No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D.Fla. June 6, 2013); DeGraff v. SMA Behavioral Health Serv., Inc., No. 3:12-cv-733-J-32TEM, 2013 WL 2177984, at *4 (M.D.Fla. March 5, 2013); Crabtree v. Volkert, Inc., 2013 WL 593500, at *4 (February 14, 2013 S.D. Ala.); Parker v. Encore Rehabilitation, Inc., 2012 WL 6680311, at *4-5

---

[1] The parties suggested at that hearing that the reduction in liquidated damages was appropriate because Defendants maintained that they acted in good faith and that they had reasonable grounds for believing that their conduct did not violate the FLSA, see 29 U.S.C. § 260.   However, the parties did not point to any evidence that would support this assertion.

[2] For more cases in which courts in this district have approved FLSA settlement agreements containing a general release supported by additional consideration see Caamal v. Shelter Mortg. Co., L.L.C., No. 6:13-cv-706-Orl-36KRS, Doc. No. 29 (M.D.Fla. Sept. 5, 2013), report and recommendation adopted at 2013 WL 5421955 at *4 (M.D.Fla. Sept. 26, 2013) (approving settlement agreement in which Plaintiff received $500 for a mutual release of claims and agreement to provide a neutral reference); Irizarry v. Percepta, LLC, Case No. 6:12-cv-1141-37KRS, Doc. No. 43 (M.D. Fla. June 20, 2013), report and recommendation adopted at Doc. No. 44 (M.D.Fla. July 10, 2013) (approving a settlement agreement where employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); Bacorn v. Palmer Auto Body & Glass, LLC, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D.Fla. Dec. 19, 2012), report and recommendation adopted, 2013 WL 85066 (M.D.Fla. Jan. 8, 2013) (approving settlement agreement where employee signed a general release in exchange for a mutual release from employer); Bright v. Mental Health Resource Center, Inc., No. 3:10-cv-427-J-37TEM, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); Vergara v. Delicias Bakery & Rest., Inc., No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D.Fla. May 31, 2012), report and recommendation adopted, 2012 WL 219492 (M.D.Fla. Jun. 14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); Rappaport v. Embarq Mgmt. Co., No. 6:07-cv-468-Orl-19DAB, 2008 WL 4642593, at *2 (M.D.Fla. Oct. 17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release).

(S.D.Ala. December 21, 2012); Webb v. CVS Caremark Corp., No. 5:11-cv-106 (CAR), 2011 WL 6743284, at *1-2 (M.D.Ga. December 23, 2011); Hamilton v. Brinker Int'l Payroll Co., 5:10-cv-187-Oc-37TBS, 2011 WL 6032945, at *1 (M.D.Fla. December 5, 2011); Walker v. U.S. Title Loans, Inc., No. 2:10-cv-428-WC, 2011 WL 1789976 *2 (M.D.Ala. May 10, 2011).   In addition, the provision requiring Plaintiffs to notify Defendants if Plaintiffs receive a subpoena imposes an affirmative obligation on Plaintiffs for which they are provided nothing of value.[3]   Accordingly, I recommend the Court reject the confidentiality and notice provisions in paragraph 7 of the amended settlement agreement (Doc. 34-1, ¶ 7).   Paragraph 11 of the amended settlement agreement provides that "[i]f any clause or provision in this Settlement Agreement is found to be void, invlaid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect."   I recommend the Court invoke this provision to strike paragraph 7 from the amended settlement agreement.

### III. Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court:

(1) **GRANT** the parties' amended motion (Doc. 34);

(2) **DENY** the parties original motion (Doc. 31), as moot;

(3) **STRIKE** paragraph 7 from the amended settlement agreement (Doc. 34-1);

(4) **APPROVE** the parties' amended settlement agreement as modified by the deletion of paragraph 7;

(5) **TERMINATE** any pending motions;

(6) **DISMISS** this case with prejudice; and

---

[3] This provision of the amended agreement does require any Defendant that is subpoenaed regarding the settlement to notify Plaintiffs, but it is difficult to see how such notification would benefit Plaintiffs.

(7) **DIRECT** the clerk to close the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 20, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record