**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CESAR PARIENTE; and FRANCISCO
PEREZ,

        Plaintiffs,

v.                                                      Case No. 6:14-cv-615-Orl-37TBS

CLC RESORTS AND
DEVELOPMENTS, INC.; CLC
FRACTIONAL, LLC; and ISAIC
CLAUDIO,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Amended Joint Motion for Approval of Settlement Agreement (Doc. 34), filed October 14, 2014;

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 35), filed October 20, 2014;

The parties to this Fair Labor Standards Act ("FLSA") case move for approval of their settlement agreement and for dismissal of the case with prejudice. (*See* Doc. 34, pp. 4, 14.) In a Report and Recommendation ("R&R"), Magistrate Judge Smith recommends that the Court find that the settlement agreement (Doc. 34-1) is a "fair and reasonable resolution of a bona fide dispute." (*See* Doc. 35, pp. 2–8 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).) Magistrate Judge Smith also recommends: (1) rejecting the confidentiality and notice provisions in paragraph 7 of the amended settlement agreement (Doc. 34-1, ¶ 7) because "courts in

this circuit routinely reject FLSA settlement agreements containing confidentiality provisions" (Doc. 35, pp. 7–8 (citing, inter alia, *Housen v. Econosweep & Maintenance Serv., Inc*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, *2 (M.D. Fla. June 6, 2013))); (2) striking paragraph 7 from the amended settlement agreement (Doc. 35, p. 8); and (3) approving the amended settlement agreement as modified by the deletion of paragraph 7 (*id.*; Doc. 34-1, ¶ 11 ("If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.")). Plaintiffs filed a Notice of Non-Objection (*see* Doc. 36) and Defendants did not object to the R&R. Upon consideration, the Court agrees with Magistrate Judge Smith's R&R and finds that the parties' motion is due to be granted.

The Court notes, however, that the parties to this case entered into a separate agreement in conjunction with the FLSA settlement, whereby Plaintiffs agreed to release Defendants from "any and all claims or demands Plaintiffs had, have, or may hereafter have (through the date they execute [the] agreement)" in exchange for a sum of $100 each. (*See* Doc. 34-1, pp. 4–5.)

Ordinarily, a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" is not permitted under the FLSA, as it potentially confers an "undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that which he is entitled under the FLSA, then general releases can be permissible. *See, e.g.*,

*Caamal v. Shelter Mortg. Co.*, 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (collecting cases).

Here, the parties represent that the $100 that Plaintiffs each received in consideration for their releases was wholly unrelated to the value of their FLSA claims, for which Plaintiffs are being fully compensated. (*See* Doc. 34, p. 8.) As nothing in the records indicates otherwise, the Court accepts the parties' representation and finds that the releases in this case are permissible on the record in this case. Counsel should be mindful that the Court intends to monitor similar agreements closely to ensure that they are not shams designed to extract impermissible concessions from FLSA plaintiffs.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 35) is **ADOPTED AND CONFIRMED** and made a part of this Order.
2. Amended Joint Motion for Approval of Settlement Agreement (Doc. 34) is **GRANTED**.
3. The parties' amended settlement agreement (Doc. 34-1) is **APPROVED** subject to the deletion of paragraph 7.
4. This case is **DISMISSED WITH PREJUDICE**.
5. The Clerk is **DIRECTED** to terminate all pending motions and to the close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 13, 2014.

/s/ ROY B. DALTON JR.
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record